**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREMY WOLFSON, | No. 20-35792 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-06064-BHS |
| v. | |
| BANK OF AMERICA, N.A., its successors in interest and/or Assigns; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 14, 2021**

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Jeremy Wolfson appeals pro se from the district court's judgment in his

action alleging Fair Debt Collection Practices Act ("FDCPA") and state law

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *JL*

*Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016)

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(summary judgment); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly granted summary judgment on Wolfson's claims for defamation and replevin against defendants Bank of America, N.A., Merscorp Holdings, Inc., and Mortgage Electronic Registration Systems, Inc., as well as his claims against defendant MTC Financial d/b/a Trustee Corps, because Wolfson failed to raise a genuine dispute as to any material fact regarding these claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (establishing that the party with the burden of proof at trial must "make a showing sufficient to establish the existence of an element essential to that party's case" to survive summary judgment).

The district court properly dismissed Wolfson's FDCPA claims because Wolfson failed to allege facts sufficient to show that defendant Bank of America, N.A., is considered a debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6)(F)(iii) (excluding from the definition of debt collector a party seeking to collect any debt owed where the debt concerned was not in default at the time it was acquired); *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074-75 & n.3 (9th Cir. 2011) (explaining that under the FDCPA a "debt collector does not include those mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing" (citation

20-35792

and internal quotation marks omitted)).

The district court properly dismissed Wolfson's quiet title claims because Wolfson failed to allege facts sufficient to state a claim. *See Kobza v. Tripp*, 18 P.3d 621, 623-24 (Wash. App. 2001) (plaintiff in quiet title action must be "in peaceable possession" of property).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**